UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
BETTA MOMENTS,                                                          :
:
                Plaintiff,                    :           24-CV-5973 (JMF)
:
        -v-                                                        :           ORDER OF SERVICE
:
MAYOR ERIC ADAMS; SUPERVISOR JANE OR            :
JOHN DOE OFFICE OF CONTRACT SERVICES;           :
SUPERVISOR JANE OR JOHN DOE OFFICE OF            :
MANAGEMENT AND BUDGET; SUPERVISOR JANE   :
OR JOHN DOE CITY'S LAW DEPARTMENT,              :
:
              Defendants.                    :
:
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

Plaintiff, who is currently incarcerated at Rose M. Singer Center on Rikers Island, brings

this *pro se* action under 42 U.S.C. s 1983. By Order dated September 4, 2024, the Court granted

Plaintiff's request to proceed without prepayment of fees.[1]

**STANDARD OF REVIEW**

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious,

fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant

who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480

F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks

subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any

of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572

---

[1]     Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(b)(1).

F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## DISCUSSION

### A.      Dismissal of claims against the unidentified "John Doe" Defendants

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). A plaintiff must also allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." (internal quotation marks omitted)). A defendant may not be held liable under Section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official[.]" *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff does not allege any facts showing how the unidentified "John Doe" Defendants, identified as "supervisors" of the New York City Office of Contract Services, the New York City Office of Management and Budget, and the New York City Law Department, were personally involved in the events underlying her claims. Plaintiff's claims are therefore dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

2

**B.     Order of Service on Mayor Adams**

Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on

assistance the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d.

119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue

and serve all process [where an incarcerated plaintiff has been granted permission to proceed

without prepayment of fees]."); Fed. R. Civ. P. 4(c)(3).

To allow Plaintiff to effect service on Mayor Adams through the U.S. Marshals Service,

the Clerk of Court is instructed to issue a summons, fill out a U.S. Marshals Service Process

Receipt and Return (Form USM-285), and deliver to the Marshals Service all the paperwork

necessary for the Marshals Service to effect service upon Mayor Adams.  The Clerk of Court is

further instructed to mail Plaintiff an information package.

If the complaint is not served within 90 days after the date the summonses are issued,

Plaintiff should request an extension of time for service.  *See Meilleur v. Strong*, 682 F.3d 56, 63

(2d Cir. 2012) (holding that it is the *pro se* plaintiff's responsibility to request an extension of

time for service).  Plaintiff must notify the Court in writing if her address changes, and the Court

may dismiss the action if Plaintiff fails to do so.

Plaintiff may consult the legal clinic in this District that assists people who are parties in

civil cases and do not have lawyers.  The clinic is run by a private organization called the City

Bar Justice Center ("CBJC"); it is not part of, or run by, the court (and therefore cannot, among

other things, accept filings on behalf of the court, which must still be made by any *pro se* party

---

[2]      Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and the complaint until the Court reviewed the complaint and ordered that the summons be issued.  The Court therefore extends the time to serve until 90 days after the date the summons is issued.

through the Pro Se Intake Unit).  To receive limited-scope assistance from the clinic, Plaintiff

should make an appointment by completing the CBJC's online intake form, located at

https://www.citybarjusticecenter.org/projects/federal-pro-se-legal-assistance-project.

The Clerk of Court is directed to mail a copy of this Order to Plaintiff.


SO ORDERED.

Dated:  September 30, 2024
        New York, New York                          _____
                                                    JESSE M. FURMAN
                                                    United States District Judge

4

## DEFENDANT AND SERVICE ADDRESS

Mayor Eric Adams
100 Church Street
New York, N.Y. 10007