UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
BETTA MOMENTS,                                                    :
:
:
                 Plaintiffs,                              :
:      24-CV-5973 (JMF)
     -v-                                                         :
:      ORDER
:
MAYOR ERIC ADAMS, et al.,                                         :
:
                 Defendants.                              :
:
------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      On May 15, 2025, the Court received the attached documents filed by Plaintiff, who is proceeding without counsel. Plaintiff is reminded that any submissions to the Court should not be sent directly to chambers, but should instead be mailed to the Pro Se Intake Unit, at 500 Pearl Street, Room 205, New York, NY 10007.

      The Court will treat these documents as Plaintiff's opposition to Defendants' Motion to Dismiss, ECF No. 17. Defendants' reply, if any, shall be filed by **May 28, 2025**.

      The Clerk of Court is directed to mail this Order to the Plaintiff.

      SO ORDERED.

Dated: May 15, 2025
      New York, New York
                                                     JESSE M. FURMAN
                                                 United States District Judge

TO: Honorable,
Jesse M. Furman
United States District
Judge, Southern District
of New York, 500 Pearl
Street, New York, NY 10007

Dock. No.                    From: Betta Moments
24-CV-05973                  Din: 24R2727
                             Adirondack C.F.
                             P.O. Box 110
                             Ray Brook NY 12977

Dear Your Honor:

I am doing a follow up on the Motion I sent. I did make attempts to exhaust my remedies your honor. I have a case against the lady facility WARDEN As well as its Grievance department; which you can verify: Case Docket No. 24-CV-07065. For their retalitory behaviors and not allowing inmates to file. That is one proven factor.

Another factor is that the defendants are fabricating that I initially filed this complaint on October 5, 2022.

1

That is a lie. I did not come into the system until Febuary 9, 2023. It is quite convienant for said defendants Attorney to use legal jargon as statement and Memorandum. As I stated in my prior arguement, it is clearly a unique case. I am close enough sure that my rebuttal raises a proper clarity of how my constitutional rights were effected.

Notice line one of the defendants statement of facts. If the defendants are willing to settle and the courts agree to "carve" this specific case from any and all pending cases I have in civil court I am willing to negotiate.

Thank you for your Time and Patience

April 30, 2025

Respectfully,
Betta Moments

2

## PRELIMINARY STATEMENT

Plaintiff Betta Moments filed the Complaint in this case against Defendant Mayor Eric Adams and three John/Jane Doe Defendants – Supervisor Office of Contract Services, Supervisor Office of Management and Budget, and Supervisor City's Law Department. The Complaint alleges that the Defendants violated her constitutional rights by establishing a commissary contract that failed to provide certain cosmetics such as foundation that matched her complexion and that the lack of such makeup in the commissary caused her mental depression. The Complaint fails to allege the personal involvement of any individual, fails to allege a discriminatory municipal policy or custom, fails to allege that she was denied a basic human need, fails to allege that any individual knew or should have known that any of Plaintiff's basic human needs were denied, or that such deprivation created a substantial risk of serious harm.

As discussed more fully below, however, the Complaint suffers from pleading defects that cannot be corrected or amended because there is no constitutional violation for a failure to provide the cosmetics of Plaintiff's choosing at a jail commissary. As such, the Complaint should be dismissed in its entirety by the Court. Plaintiff has failed to state any viable claims upon which relief may be granted and the Court should put an end to this proceeding and deny Plaintiff leave to further amend.

## STATEMENT OF FACTS

Plaintiff filed the Initial Complaint on October 5, 2022. *See* ECF No. 2. The Complaint alleges that the Defendants violated her constitutional rights by causing her mental depression that arose from not having cosmetics that the Plaintiff feels are suitable to match her complexion. She further alleges that in the alternative to the proper cosmetics for her complexion, she and other similarly situated persons in custody must blend the foundation that is available with coffee presumably to darken the shade or shades that were available for purchase in the commissary

during the period February 2023 – July 2024. The Complaint fails to allege that she exhausted the administrative process underlying grievances of this nature and fails to allege that she spoke with anyone about this grievance and fails to allege that the use of the administrative grievance process was not required to investigate this sort of issue. Accordingly, this Complaint should be dismissed in its entirety.

## STANDARD OF REVIEW

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombley*, 550 U.S. 544, 555 (2007) (citations omitted). The complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombley*, 550 U.S. at 556). "When the well-pleaded facts 'do not permit the court to infer more than the mere possibility of misconduct,' the court must grant a motion to dismiss." *Yamashita v. Scholastic Inc.*, 936 F.3d 98, 104 (2d Cir. 2019) (quoting *Iqbal*, 556 U.S. at 679).

The court, in deciding a motion to dismiss, must "accept as true the factual allegations of the complaint, and construe all reasonable inferences that can be drawn from the complaint in the light most favorable to the plaintiff." *Arar v. Ashcroft*, 585 F.3d 559, 567 (2d Cir. 2009) (citation omitted). However, the court shall not give "effect to legal conclusions couched as factual allegations." *Port Dock & Stone Corp. v. Oldcastle Ne., Inc.*, 507 F.3d 117, 121 (2d Cir. 2007) (citing *Twombley*, 550 U.S. at 555). Nor must the court "accept as truth conflicting pleadings that make no sense, or that would render a claim incoherent, or that are contradicted either by statements in the complaint itself or by documents upon which its pleadings rely, or by facts of which the court may take judicial notice." *In re Livent, Inc. Noteholders Sec. Litig.*, 151 F. Supp.

2



To: Hon. Jesse M. Furman
U.S. District Judge
500 Pearl Street
New York NY 10007

From: Ms. Betta Moments
Din # 24R2727
Adirondack C.F.
Box 110
Ray Brook NY 12977

Docket No.
24-cv-5973

Dear Your Honor:

Anticipate all is well. I had already most recently forwarded to the courts an rebuttal for the defendants Motions to dismiss; as well as another additional response addiring factual reasons of why I Plaintiff was not afforded the right to exhaust My remedies.

Let plaintiff know if you've received both correspondences.

Thank you for your time and patience

May 5, 2025

Respectfully Submitted,
Betta Moments

UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF NEW YORK

BETTA MOMENTS

    Plaintiff,

-v-

MAYOR ERIC ADAMS, et al,

    Defendants.

Docket No. 24-cv-5973

TO: JESSE M. FURMAN, United States District Judge

    Anticipate all is well with Your Honor as well as the Court's Staff. I am a layperson at law so please pardon any minor incorrections in spelling.

    The Plaintiff Ms. Betta Moments has previously stated that this being a rare case within correctional institutions, it is quite difficult to back up her stated arguments with case law. However, the facts remain clear.

PAGE 1

The Defendants Attorney argues that Make-up is not a basic human necessity. When appearing in court, at a certain stage the garments issued by Docs are then changed to where you are afforded an outfit which makes you look less criminalized and appropriate; giving a more humane visual effect before a jury.

That takes a toll on a persons mental state. More when it comes to a woman. Make-up plays a part in that. As your Honor is already aware, impression means alot.

If Mr. Eric Adams were to have ordered a Ride via Uber and the company states, "Our services are only afforded to those of a much more lighter complexion", the forementioned defendant along with his collies would be devastated.

This Mentioning as their Attorney has stated falls within the "Cruel and Unusual"; thus why state a 14 Amendment violation. As I clearly above mentioned on page one I am a layperson at law and now state it's as well clear an 8th Amendment violation.

2

In this case the right to Equal protection can also play a roll. When one creates an atmosphere which incites others to harrass leading to physical altercations. It dissipates the feeling of being equally safe.

The compelling need to mix coffee and applicators to match a colored persons' complexion leaves one unaware of what can become toxic to the skin; not realizing the mixure causes bad chemical reactions. The two elements logically are not meant to combine.

The defendant perhaps may question my biochemistry knowledge. Okay. Lets say the shoe was on the other foot. And there were only make-up for colored individuals. Would it be safe to say that if Flour was the choice of the un-afforded female, what would be her outcome physically and emotionally if she was compelled to mix Flour to chance clearing her blemishes?

Or trial after trial to find a match in her complexion?

3

If not by this time the defendants made corrections on their commissary contracts, and all still remains, I know for a fact that if Your Honor, was to ask any colored woman if the ladies facility their views on the make-up they all would present the same arguement.

I forward this document with the intent of it serving as my arguement to refute said deffendants motion to dismiss.

April 25, 2025

Respectfully Submitted,
Betta Moments

4

DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION
**ADIRONDACK CORRECTIONAL FACILITY**
P.O. BOX 110
RAY BROOK, NEW YORK 12977-0110

NAME: Betta Moments   DIN: 24R2727

Legal Mail

RETURN SERVICE REQUESTED

NEOPOST 05/05/2025
US POSTAGE $000.69

To: Judge
Jesse M. Furman
U.S. Dist. Court
500 Pearl Street
New York NY 10007