UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X
                              :

BETTA MOMENTS,                    :

                               :

                   Plaintiff,           :                 24-CV-5973 (JMF)

                               :

        -v-                              :

                               :         <u>MEMORANDUM OPINION</u>

MAYOR ERIC ADAMS et al.,       :           <u>AND ORDER</u>

                               :

                Defendants.         :

                               :

---------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      Betta Moments, a state prisoner proceeding here without counsel, identifies herself as a

"black Transwoman Female."  ECF No. 1 ("Compl."), at 4.  She brings this action, pursuant to

42 U.S.C. § 1983, against Mayor Eric Adams and others alleging that, when she was detained on

Rikers Island, her constitutional rights were violated because the jail's commissary did not

include cosmetic products "suitable for black people."  *Id.*  She asserts that this is "pure bias and

racist" that it has caused her "mental depression" and humiliation; she seeks $1.4 million in

damages.  *Id.* at 4-5.  Defendants now move, pursuant to Rule 12(b)(6) of the Federal Rules of

Civil Procedure, to dismiss.  *See* ECF No. 17; *see also* ECF No. 18 ("Defs.' Mem.").

      Defendants' motion must be and is granted because Moments's Complaint fails to

plausibly allege a constitutional violation.  Liberally construed, the Complaint plainly alleges a

claim of discrimination in violation of the Equal Protection Clause.  To state a claim under the

Equal Protection Clause, however, a plaintiff must plausibly allege that the defendants acted with

"discriminatory intent or purpose."  *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429

U.S. 252, 265 (1977).  That is, a plaintiff must plausibly allege that the defendants "selected or

reaffirmed a particular course of action at least in part 'because of,' not merely 'in spite of,' its

adverse effects upon an identifiable group." *Hayden v. Paterson*, 594 F.3d 150, 163 (2d Cir.

2010). Moments fails to do so. Instead, her claim rests entirely on conclusory assertions. *See*

Compl. 4 (alleging that the commissary contract "has proven to be bias [sic] towards the

ethnicity of Black people"); *id.* ("This is pure bias and racist by all means."). Such assertions

"are not entitled to the assumption of truth" and, thus, are insufficient to state a plausible equal

protection claim. *Hayden*, 594 F.3d at 161-62; *cf. Betts v. McCaughtry*, 827 F. Supp. 1400,

1404-05 (W.D. Wis. 1993) (holding that prison restrictions on music and grooming implements

did not constitute purposeful racial discrimination where, as here, the plaintiffs alleged only

discriminatory impact and not discriminatory intent).

       Moments's Complaint could also be construed to allege a conditions-of-confinement

claim in violation of the Due Process Clause of the Fourteenth Amendment.[1] To state such a

claim, however, a plaintiff "must plausibly allege an objective component — that the deprivation

of rights was objectively serious — and a subjective component — that the prison official acted

with requisite *mens rea*." *Louime v. Lamanna*, No. 21-CV-9594 (VB), 2023 WL 1385180, at *5

(S.D.N.Y. Jan. 31, 2023). Moments does neither. Objectively speaking, constitutional violations

occur when "prison officials . . . deprive an inmate of [her] basic human needs such as food,

clothing, medical care, and safe and sanitary living conditions." *Id.* at *6. The failure to stock

cosmetics matching Moments's complexion does not rise to that level and qualify as "objectively

serious." *See, e.g.*, *Murray v. U.S. Bureau of Prisons*, No. 95-5204, 1997 WL 34677, at *2 (6th

Cir. 1997) (per curiam) (unpublished) (holding that the denial of makeup to an inmate did not

violate the Eighth Amendment because "[c]osmetic products are not among the minimal

---

[1]     Such a claim would arise under the Due Process Clause rather than the Eighth
Amendment because Moments was a pretrial detainee during the events at issue, although the
relevant standards are the same. *See, e.g.*, *Weyant v. Okst*, 101 F.3d 845, 856 (2d Cir. 1996).

civilized measure of life's necessities"). Subjectively speaking, to state a conditions-of-confinement claim, a plaintiff "must allege a defendant acted with more than mere negligence"; instead, she must allege that the defendant "kn[e]w of, and disregard[ed], an excessive risk to inmate health or safety." *Louime*, 2023 WL 1385180, at *6 (internal quotation marks omitted). Moments fails to plead that any Defendant acted with that mental state. *See* Compl. 4-5.

For these reasons, the Court GRANTS Defendants' motion and DISMISSES Moments's Complaint.[2] That said, mindful of Moments's *pro se* status, the Court grants her leave to amend the Complaint to state a claim of race discrimination in violation of the Equal Protection Clause. The Court does so despite the fact that Moments had an opportunity to amend the Complaint in response to Defendants' motion and was even warned that she would "not be given any further opportunity to amend the complaint to address issues raised by the motion to dismiss." ECF No. 20, at 1. That is because Moments could conceivably cure the defects in her equal protection claim by alleging additional facts about Defendants' intent.[3] And while Defendants mentioned the words "equal protection" in a subject header in their memorandum of law, their substantive argument was limited to the conditions of confinement. *See* Defs.' Mem. 6-8. Moments shall file any amended complaint **within thirty days of the date of this Memorandum Opinion and**

---

[2]     The Court need not and does not reach Defendants' other arguments for dismissal, except to note that their argument that the Complaint should be dismissed for failure to exhaust is without merit because, as Defendants themselves acknowledge, *see* Defs.' Mem. 4-5, the failure to exhaust is an affirmative defense and a plaintiff is thus not required to affirmatively plead exhaustion, *see, e.g.*, *Stokes v. de Blasio*, No. 17-CV-7890 (JGK), 2019 WL 132279, at *2 (S.D.N.Y. Jan. 8, 2019). Accordingly, a district court can dismiss a complaint for failure to exhaust only "if it is clear on the face of the complaint that the plaintiff did not satisfy the . . . exhaustion requirement." *Id.* That is not the case here.

[3]     By contrast, the defects in Moments's conditions-of-confinement claim are substantive, so amendment of that claim would be futile. *See, e.g.*, *Roundtree v. NYC*, No. 19-CV-2475 (JMF), 2021 WL 1667193, at *6 (S.D.N.Y. Apr. 28, 2021) (collecting cases).

**Order**.  An amended complaint form that Moments should use for that purpose is attached to this Memorandum Opinion and Order.  In the "Statement of Claim" section of the amended complaint form, Moments should provide a short and plain statement of the relevant facts supporting her claim of race discrimination in violation of the Equal Protection Clause against each Defendant.  Moments should include all of the information in the amended complaint that she wants the Court to consider in deciding whether the amended complaint states a claim for relief.  Essentially, the amended complaint should tell the Court: who allegedly violated Moments's federally protected rights under the Equal Protection Clause and how; when and where such violations occurred; and why she is entitled to relief.

Because Moments's amended complaint will completely replace, not supplement, the original Complaint, any facts or claims that Moments wants to include from the original Complaint must be repeated in the amended complaint.  If Moments does not file an amended complaint by the aforementioned deadline, the Court will enter an order directing the Clerk of Court to enter judgment in favor of Defendants and close the case.

The Clerk of Court is directed to terminate ECF No. 17 and to mail to Moments a copy of this Memorandum Opinion and Order, including the attached amended complaint form.

SO ORDERED.

Dated: July 18, 2025
      New York, New York

_____
JESSE M. FURMAN
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____
_____
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

**AMENDED
COMPLAINT**

under the Civil Rights Act,
42 U.S.C. § 1983

-against-

_____
_____
_____
_____
_____
_____
_____

Jury Trial:  ☐ Yes    ☐ No

(check one)

___ Civ. _____ (    )

*(In the space above enter the full name(s) of the defendant(s).  If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names.  The names listed in the above caption must be identical to those contained in Part I.  Addresses should not be included here.)*

**I.      Parties in this complaint:**

A.      List your name, identification number, and the name and address of your current place of confinement.  Do the same for any additional plaintiffs named.  Attach additional sheets of paper as necessary.

Plaintiff's        Name_____
                   ID#_____
                   Current Institution_____
                   Address_____
                   _____

B.      List all defendants' names, positions, places of employment, and the address where each defendant may be served.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  Attach additional sheets of paper as necessary.

Defendant  No.  1      Name _____ Shield #_____
                       Where Currently Employed _____
                       Address _____
                       _____

Defendant  No. 2       Name  _____ Shield #_____

                       Where Currently Employed _____

                       Address _____

                       _____

Defendant  No. 3       Name  _____ Shield #_____

                       Where Currently Employed _____

                       Address _____

                       _____

Who did
what?

Defendant  No. 4       Name  _____ Shield #_____

                       Where Currently Employed _____

                       Address _____

                       _____

Defendant  No. 5       Name  _____ Shield #_____

                       Where Currently Employed _____

                       Address _____

                       _____


## II.      Statement of Claim:

State as briefly as possible the facts of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.


A.      In what institution did the events giving rise to your claim(s) occur?

        _____
        _____


B.      Where in the institution did the events giving rise to your claim(s) occur?

        _____


C.      What date and approximate time did the events giving rise to your claim(s) occur?

        _____
        _____
        _____


D.      Facts:_____

What
happened
to you?

_____
_____
_____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**Was anyone else involved?**

_____
_____
_____
_____
_____
_____

**Who else saw what happened?**

## III.    Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____
_____
_____
_____
_____

## IV.    **Exhaustion of Administrative Remedies**:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Administrative remedies are also known as grievance procedures.

A.      Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes _____   No _____

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_____
_____
_____

B.    Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

      Yes _____    No _____    Do Not Know _____

C.    Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

      Yes _____    No _____    Do Not Know _____

      If YES, which claim(s)?
      _____

D.    Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

      Yes _____    No _____

      If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

      Yes _____    No _____

E.    If you did file a grievance, about the events described in this complaint, where did you file the grievance?
      _____

      1.      Which claim(s) in this complaint did you grieve?
              _____

              _____

      2.      What was the result, if any?
              _____

              _____

      3.      What steps, if any, did you take to appeal that decision?  Describe all efforts to appeal to the highest level of the grievance process.
              _____
              _____
              _____
              _____

F.    If you did not file a grievance:

      1.      If there are any reasons why you did not file a grievance, state them here:
              _____
              _____
              _____

_____
_____
_____

    2.    If you did not file a grievance but informed any officials of your claim, state who you informed, when and how, and their response, if any:

_____
_____
_____
_____
_____
_____

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

_____
_____
_____
_____
_____
_____
_____
_____

Note:    You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

**V.    Relief:**

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount). _____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

*Rev. 01/2010*           5

_____
_____
_____

**VI.    Previous lawsuits:**

<div style="float:left; border:1px solid; padding:4px">On these claims</div>

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes _____ No _____

B.    If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below.  (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

1.    Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

2. Court (if federal court, name the district; if state court, name the county) _____
_____

_____3.    Docket or Index number _____

_____4.    Name of Judge assigned to your case_____

5.    Approximate date of filing lawsuit _____

6.    Is the case still pending?  Yes _____  No _____

If NO, give the approximate date of disposition_____

7.    What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____
_____
_____

<div style="float:left; border:1px solid; padding:4px">On other claims</div>

C.    Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?

Yes _____   No _____

D.    If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1.    Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

2.    Court (if federal court, name the district; if state court, name the county) _____
_____

_____3.    Docket or Index number _____

_____4.    Name of Judge assigned to your case_____

5.    Approximate date of filing lawsuit _____

6.      Is the case still pending?  Yes _____   No _____

If NO, give the approximate date of disposition_____

7.      What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?)  _____
_____
_____

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

                      Signature of Plaintiff     _____

                      Inmate Number            _____

                      Institution Address       _____

                                               _____

                                               _____

                                               _____

Note:   All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this _____ day of _____, 20___, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

                      Signature of Plaintiff:   _____